JEFFREY A. DICKERSON
NEVADA Bar No. 2690
9585 Prototype Ct., Suite A
Reno, NV 89521
(775) 786-6664

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WILLIAM HERRON, an individual,

    Plaintiff,

vs.

PERI & SON'S FARMS, INC.,
a domestic corporation,

    Defendant.
_____/

CASE NO.

COMPLAINT AND JURY DEMAND

Plaintiff, for his complaint against Defendants, complains and avers as follows:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1367.

2. Plaintiff resides in Lyon County, Nevada.  He exhausted his administrative remedies timely and timely sues within 90 days after receipt of his right to sue from the EEOC.

3. Defendant does business in Yerington, Lyon County, Nevada.

4. Plaintiff was employed by Defendant from December 8, 2011, until he was "laid-off" effective January 17, 2012, from his position as a mechanic.

5. A few days prior to Plaintiff's termination, Plaintiff was requested to perform dash work. Plaintiff advised his supervisor he was unable to complete the task due to his disability.

6. On January 17, 2012, the shop supervisor advised Plaintiff he was being laid off due to budget cuts. This was a pretext for disability discrimination. Shortly after his "lay-off", Defendant placed an advertisement for his position on the internet.

7. Plaintiff could perform the essential functions of his position with or without reasonable accommodation.

8. Plaintiff was satisfactorily performing his job consistent with the legitimate expectations of the employer.

9. Plaintiff was requested to do something outside his regular job duties, and requested a reasonable accommodation, Defendant failed to interact with Plaintiff as required under the law.

10. As a result of the termination of Plaintiff's employment and the failure to reasonably accommodate him, Plaintiff has suffered and will continue to suffer emotional distress, mental anguish, humiliation, embarrassment, harm to reputation, loss of enjoyment of life and career, as well as past and future special damages, including wage loss, benefit loss and seniority loss, as well as lost retirement benefits, all in sums exceeding $10,000 in amount.

11. The conduct of the Defendant was willful, deliberately indifferent to Plaintiff's rights, oppressive, and malicious, entitling Plaintiff to an award of punitive damages in a sum exceeding $10,000 in amount.

12. Plaintiff is entitled to reasonable attorney's fees and costs of suit.

### FIRST CLAIM FOR RELIEF

13. Plaintiff refers to and by such reference incorporates herein each, every and all averments contained in paragraphs 1-12 hereinabove as though fully set forth at this point.

14. The aforementioned conduct subjects the Defendant to liability under the Americans With Disabilities Act, 42 U.S.C. §12112, entitling Plaintiff to all of the aforementioned damages.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant for all of the aforementioned relief, reasonable attorney's fees and costs of suit, and such other and

///
///
///
///
///

further relief as the Court deems just and proper.

The undersigned does hereby affirm that the preceding document **DOES NOT** contain the Social Security Number of any person.

DATED this 11th day of February, 2013

        LAW OFFICE OF
        JEFFREY A. DICKERSON

        /S/ Jeffrey A. Dickerson
        JEFFREY A. DICKERSON

JAD/kdd/herron/complaint         3