UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

```
WILLIAM HERRON,                )    3:13-cv-00075-HDM-VPC
                               )
          Plaintiff,           )
                               )    ORDER
vs.                            )
                               )
PERI & SON'S FARMS, INC.,      )
                               )
          Defendant.           )
_____)
```

Defendant Peri & Son's Farms ("defendant") has filed a motion to dismiss plaintiff William Herron's ("plaintiff") complaint for failure to state a claim. Plaintiff's complaint, filed on February 14, 2013, asserts wrongful termination and a failure to reasonably accommodate under the Americans with Disabilities Act ("ADA"). Defendant moves to dismiss plaintiff's complaint on the grounds that: (1) it does not identify plaintiff's alleged disability or allege how he is disabled within the meaning of the ADA; (2) it does not state facts showing plaintiff was qualified for his position, what the normal job duties of his position were, or what defendant asked him to do outside those duties; (3) it does not allege any facts connecting plaintiff's termination to his alleged

1

disability; and (4) it does not identify what reasonable accommodations plaintiff requested or how defendant failed to accommodate them. While plaintiff opposes defendant's motion and believes his complaint is sufficiently pled, he also requests leave to amend his complaint to the extent it is deficient.

In considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

"Under the notice pleading standard of the Federal Rules, plaintiffs are only required to give a 'short and plain statement' of their claims in the complaint." *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) (quoting *Diaz v. Int'l Longshore & Warehouse Union, Local 13,* 474 F.3d 1202, 1205 (9th Cir. 2007)). While this rule "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, a complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A pleading is insufficient

2

if it offers only labels and conclusions, a formulaic recitation of the elements of a cause of action, or "naked assertions devoid of further factual enhancement." *Id.* (internal punctuation omitted).

   Plaintiff's bare and conclusory assertion of disability does not contain even minimal factual detail to suggest that he has a disability that is plausible on its face and falls within the protection of the ADA.  Further, plaintiff does not identify what reasonable accommodation he requested, making it impossible to determine the plausibility of this claim.  Accordingly, the plaintiff is granted leave to file an amended complaint on or before September 16, 2013.  Should plaintiff fail to file an amended complaint, the defendant's motion to dismiss shall be granted.

   IT IS SO ORDERED.

   DATED: This 27th day of August, 2013.

_____
UNITED STATES DISTRICT JUDGE

3