**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| WILLIAM HERRON, | ) | 3:13-cv-00075-HDM-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| PERI & SON'S FARMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

   Before the court is the defendant Peri & Son's Farms ("defendant") motion to dismiss plaintiff William Herron's ("plaintiff") first amended complaint for failure to state a claim (#16). Plaintiff has responded (#20), and defendant has replied (#23). Also before the court is the defendant's motion to dismiss for failure to exhaust administrative remedies (#22). Plaintiff has responded (#25), and defendant has replied (#26).

1

On March 12, 2013, defendant moved to dismiss plaintiff's original complaint, filed on February 14, 2013, for failure to state a claim. Before deciding the motion to dismiss, the court granted plaintiff leave to file an amended complaint to cure certain deficiencies in his complaint. Plaintiff filed an amended complaint on September 5, 2013. The court therefore denied the defendant's first motion to dismiss as moot.

Defendant has now moved to dismiss plaintiff's first amended complaint, which purports to assert claims of discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act ("ADA").

In its motion to dismiss filed on September 20, 2013 (#16), defendant argues that plaintiff's complaint fails to state a claim because it does not allege any facts demonstrating that plaintiff: (1) is disabled within the meaning of the ADA; (2) is a qualified individual who could perform the essential functions of the job with or without reasonable accommodation; or (3) was terminated because of his disability. Defendant further argues that plaintiff has not sufficiently alleged how defendant denied him a reasonable accommodation.

In considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

"Under the notice pleading standard of the Federal Rules,

plaintiffs are only required to give a 'short and plain statement' of their claims in the complaint." *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) (quoting *Diaz v. Int'l Longshore & Warehouse Union, Local 13,* 474 F.3d 1202, 1205 (9th Cir. 2007)). The rule "does not require 'detailed factual allegations.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). It does, however, require that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A pleading is insufficient if it offers only labels and conclusions, a formulaic recitation of the elements of a cause of action, or "naked assertions devoid of further factual enhancement." *Id.* (internal punctuation omitted).

Plaintiff's complaint states a plausible claim of disability discrimination and failure to accommodate. Accordingly, the motion to dismiss those claims for failure to state a claim is **DENIED**. In so deciding, the court notes that defendant's motion largely seeks detailed factual allegations that are not required by *Twombly* or *Iqbal*. The court further notes that the cases cited by defendant to suggest plaintiff's complaint is insufficiently pled are materially distinguishable. Finally, the court notes that many of the defendant's arguments take issue with the facts as alleged by plaintiff; factual disagreements are not a proper basis for dismissal.

Defendant also argues that plaintiff's retaliation claim is

3

insufficiently pled. The court does not reach that issue. Plaintiff's original complaint did not assert a claim of retaliation under the ADA. Under Federal Rule of Civil Procedure 15(a)(1), the plaintiff may file an amended complaint once as a matter of course within 21 days of serving the complaint or within 21 days after service of a motion under Rule 12(b). Otherwise, a complaint may be amended only with leave of court or consent of the opposing party. Fed. R. Civ. P. 15(a)(2). Plaintiff's complaint was not filed as a matter of course under Rule 15(a)(1). Rather, it was filed pursuant to leave of court. Importantly, the court granted plaintiff leave to cure the deficiencies in the original complaint. It did not grant plaintiff leave to add additional claims. Because plaintiff has not been granted leave to include a claim of retaliation in his complaint, the retaliation claim is hereby **STRICKEN**. The court therefore declines to address the defendant's remaining arguments, in both motions, with respect to plaintiff's retaliation claim, as all such arguments are moot.

Finally, in its motion to dismiss filed on October 18, 2013 (#22), defendant argues that plaintiff failed to exhaust his reasonable accommodation claim. Whether the reasonable accommodation claim is "like or reasonably related" to the allegations in plaintiff's NERC charge or "within the scope of [a NERC] investigation that reasonably could be expected to grow out of the allegations," *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003), is a close question. Defendant's motion to dismiss the reasonable accommodation claim for failure to exhaust is therefore denied without prejudice to renew in a motion for summary judgment.

In accordance with the foregoing, defendant's motion to

4

dismiss for failure to state a claim (#16) is **DENIED**, the plaintiff's retaliation claim is **STRICKEN**, and defendant's motion to dismiss for failure to exhaust (#22) is **DENIED WITHOUT PREJUDICE** to renew in relevant part in a motion for summary judgment.

IT IS SO ORDERED.

DATED: This 12th day of December, 2013.

_____
UNITED STATES DISTRICT JUDGE